# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CLARENCE D., | |
|       Plaintiff, | |
|    v. | No. 19 CV 4665 |
| KILOLO KIJAKAZI, | Magistrate Judge McShain |
|   ACTING COMMISSIONER OF | |
|   SOCIAL SECURITY,[1] | |
|       Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Clarence D. brings this action for judicial review of the Social Security Administration's (SSA) decision denying his application for benefits. For the following reasons, the Court grants plaintiff's motion for summary judgment [16],[2] denies the Acting Commissioner of Social Security's motion for summary judgment [26], and remands this case to the agency for further administrative proceedings.

## Procedural Background

In August 2016, plaintiff filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income, alleging a disability onset date of March 15, 2015. [11-1] 44. Plaintiff, who was 57 years old on the alleged onset date, *see* [*id.*] 106, claimed that he was disabled based on the following severe impairments: degenerative joint disease of the right shoulder, headaches, hearing loss and tinnitus, degenerative disc disease, alcohol dependence, chest pain, and bilateral ankle pain. [*Id.*] 47-50. The claims were denied initially and on reconsideration. [*Id.*] 44. Plaintiff requested a hearing, which was held by an administrative law judge (ALJ) on April 25, 2018. [*Id.*] 61-105. In a decision dated August 6, 2018, the ALJ found that plaintiff was not disabled and

---

[1] In accordance with Fed. R. Civ. P. 25(d), Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as the defendant in this case in place of the former Commissioner of Social Security, Andrew Saul.

[2] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [11-1], which refer to the page numbers in the bottom right corner of each page.

denied his application. [*Id.*] 44-55. The Appeals Council denied review on May 5, 2019 [*id.*] 1-6, making the ALJ's decision the agency's final decision. *See* 20 C.F.R. §§ 404.955, 404.981. Plaintiff timely appealed to this Court [1], and the Court has subject-matter jurisdiction to review the Acting Commissioner's decision under 42 U.S.C. § 405(g).[3]

## Legal Standard

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, the ALJ conducts a five-step inquiry: (1) whether the claimant is unemployed; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the claimant's impairment meets or equals any listed impairments; (4) whether the claimant can perform his past relevant work; and (5) whether the claimant is unable to perform any other available work in light of his age, education, and work experience. *See* 20 C.F.R §§ 404.1520(a)(4) & 416.920(a). "An affirmative answer leads either to the next step, or, on Steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than Step 3, ends the inquiry and leads to a determination that a claimant is not disabled." *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

The Court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019)). But the standard "is not entirely uncritical. Where the Commissioner's decision lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded." *Brett D. v. Saul*, No. 19 C 8352, 2021 WL 2660753, at *1 (N.D. Ill. June 29, 2021) (internal quotation marks and citation omitted).

## Discussion

At step one of her decision, the ALJ found that plaintiff has not engaged in substantial gainful activity since his alleged onset date of March 15, 2015. [11-1] 46. At step two, the ALJ determined that plaintiff suffered from one severe impairment: degenerative joint disease of the right shoulder. [*Id.*] 47. At step three, the ALJ ruled that plaintiff did not have an impairment or combination of impairments that met or

---

[3] The parties consented to the exercise of jurisdiction in this case by a United States Magistrate Judge. [7].

medically equaled a listed impairment. [*Id.*] 50-51. Before proceeding to step four, the ALJ found that plaintiff had the residual functional capacity (RFC) to perform the full range of medium work. [*Id.*] 51-54. At step four, the ALJ ruled that plaintiff could perform his past relevant work as a Tractor Trailer Truck Driver and Heavy Truck Driver. [*Id.*] 54-55. Because that ruling meant that plaintiff was not disabled, *see* 20 C.F.R. § 404.1520(f), the ALJ did not proceed to step five.

Plaintiff argues that the ALJ's decision should be reversed and remanded for two reasons. First, plaintiff argues that substantial evidence does not support the ALJ's finding that he has the RFC to perform medium work and was capable of performing his past relevant work as a tractor trailer truck driver. [17] 6. More specifically, plaintiff contends that the ALJ (a) erred by giving great weight to the opinions of the state agency reviewing doctors even though they did not review important evidence that post-dated their opinions; (b) should have submitted evidence of plaintiff's need to use a cane for review by a medical expert; (c) failed to consider the opinion of Veterans Administration (VA) doctor Veerasamy Pillay that plaintiff could not perform prolonged truck driving; and (d) did not address whether plaintiff's degenerative disc disease, which was documented by a December 2017 MRI, caused additional work-related limitations. [*Id.*] 6-11; [28] 1-8. Second, plaintiff argues that the ALJ improperly evaluated his subjective symptom allegations. [17] 11-14; [28] 8-13.

The Court agrees with plaintiff that remand is required because of the ALJ's failure to address Dr. Pillay's opinion, which directly contradicted the ALJ's finding that plaintiff could perform his past relevant work as a truck driver.[4]

"A disability claimant's RFC describes the maximum she can do in a work setting despite her mental and physical limitations." *Thomas v. Colvin*, 745 F.3d 802, 807 (7th Cir. 2014). "An ALJ must evaluate all relevant evidence when determining an applicant's RFC[.]" *Arnett v. Astrue*, 676 F.3d 586, 591 (7th Cir. 2012). Likewise, "[a]n ALJ has an obligation to evaluate every medical opinion and explain the weight given to the opinion." *Georgios A. v. Kijakazi*, No. 20-cv-2729, 2022 WL 1004249, at *5 (N.D. Ill. Apr. 4, 2022) (internal quotation marks omitted). "When evaluating a medical opinion, an ALJ considers the following: (1) Supportability used by the medical source to support his opinion; (2) Consistency of the medical opinion with the other evidence in the record; (3) Relationship with the claimant, including the frequency of examinations, the purpose of the treatment relationship, the extent of the treatment relationship, and the examining relationship; (4) Specialization of the medical source; and (5) Other factors that tend to support or contradict a medical opinion." *Id.*, at *5-6 (internal quotation marks omitted); *see* 20 C.F.R. § 404.1527(c).

"Although an ALJ need not mention every snippet of evidence in the record, the ALJ must connect the evidence to the conclusion; in so doing, he may not ignore

---

[4] Consequently, the Court need not reach plaintiff's other grounds for remand.

entire lines of contrary evidence." *Id.* at 592. The ALJ must instead "confront the evidence that does not support his conclusion and explain why it was rejected." *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) (internal quotation marks and brackets omitted). An ALJ may not "highlight[ ] facts that support a finding of non-disability while ignoring evidence to the contrary." *Martin v. Saul*, 950 F.3d 369, 375 (7th Cir. 2020).

Plaintiff was examined by Dr. Pillay on January 9, 2017 in connection with a claim for disability benefits that was made to the Veterans Administration. [11-1] 435, 442, 496. Dr. Pillay evaluated, *inter alia*, the functional impact of plaintiff's impairments in following areas: (1) bilateral hand strain [*id.*] 442-51; (2) right shoulder strain [*id.*] 451-60; (3) right knee strain [*id.*] 461-69; (4) bilateral ankle strain [*id.*] 470-76; (5) bilateral flat foot and plantar fasciitis [*id.*] 477-83; (6) right ulnar, median, and radial nerve palsy [*id.*] 484-89; and (7) non-degenerative arthritis [*id.*] 489-93. Based on this examination, Dr. Pillay opined that plaintiff's bilateral hand strain would cause "[d]ifficulty driving truck because of swollen stiff hands in cold weather" [*id.*] 450-51, and that his right shoulder impairment would result in "[l]imited use of Rt. arm." [*Id.*] 460. As for plaintiff's right knee impairment, Dr. Pillay opined that it would cause "[d]ifficulty driving truck because of lack of leg space resulting in rt knee hitting dashboard." [*Id.*] 469. Dr. Pillay then opined that, due to his bilateral ankle strain, bilateral foot impairments, and non-degenerative arthritis, plaintiff should not engage in "prolonged truck driving." [*Id.*] 476; *see also* [*id.*] 483 ("no prolonged driving of truck" due to foot impairments); [*id.*] 493 (same as to arthritis). In contrast, Pillay opined that plaintiff's neuropathy would not impact his ability to work. [*Id.*] 489.

Dr. Pillay also completed a disability questionnaire dated January 25, 2017. *See* [11-1] 784-86. Here Pillay opined that the cause of the neuropathy in plaintiff's upper right extremity was his "constant use of right arm as truck driver manipulating gear all his life putting strain on" that extremity. [*Id.*] 784. Dr. Pillay similarly concluded that plaintiff's knee and ankle impairments were "due to working in cramped space in cab of truck all his adult life" while being "78 in[ches] tall" and "using feet to control brake and clutch all his adult life." [*Id.*] 785. Finally, Pillay opined that plaintiff's right shoulder impairment was "due to constant use of [right upper extremity] in manipulatinggear [*sic*] in truck all his adult life as truck driver." [*Id.*] 786.

Dr. Pillay's opinion that plaintiff could not perform prolonged work as a truck driver is directly contrary to the ALJ's ruling that plaintiff was capable performing his past relevant work as a truck driver. Dr. Pillay even identified plaintiff's past work as a truck driver as the cause of those impairments that would preclude him from performing such work, and this opinion would seem to imply that further work as a truck driver would only exacerbate plaintiff's degenerative joint disease and his other impairments. Yet the ALJ completely failed to address these opinions. This was

an obvious error that warrants remand. *See Deborah M.*, 994 F.3d at 788; *Martin*, 950 F.3d at 375; *see also Courtney C. v. Saul*, No. 20 C 4016, 2022 WL 3369266, at *2 (N.D. Ill. Aug. 16, 2022) ("'An ALJ need not mention every piece of medical evidence in her opinion, but she cannot ignore a line of evidence contrary to her conclusion. Because that is precisely what the ALJ did here, her decision is not supported by substantial evidence.") (internal quotation marks omitted).

Rather than confront these opinions, the ALJ appears to have cherry-picked Dr. Pillay's report for findings that were consistent with her ruling that plaintiff was not disabled. The ALJ acknowledged that plaintiff had been examined at the VA, *see* [11-1] 52, and she observed that plaintiff's "examining providers" at the VA found that he had 5/5 strength for right shoulder forward fluxion and abduction. [*Id.*] 53. The Court recognizes that the ALJ was permitted to adopt some of Dr. Pillay's findings and opinions and reject others. *See Stephens v. Colvin*, No. 14-cv-3117, 2016 WL 1271050, at *10 (N.D. Ill. Mar. 29, 2016), *aff'd*, 671 F. App'x 390 (7th Cir. 2016). But the ALJ was not free to adopt some of those findings while ignoring others–especially those that directly contradicted her bottom-line conclusion that plaintiff could work as a truck driver. *See Mildred B. v. Kijakazi*, No. 19 CV 3532, 2022 WL 1746849, at *3 (N.D. Ill. May 31, 2022) (remanding where ALJ gave considerable weight to state agency reviewer's opinions but did not explain why she did not adopt mental limitation identified by reviewer that was more restrictive than mental limitations in RFC determination).

The Acting Commissioner responds that Dr. Pillay's opinions were equivocal because, at several points in his written evaluation, Pillay stated that "his examination could neither disprove nor corroborate plaintiff's statements about alleged functional loss and that he was unable to say whether plaintiff was significantly functionally limited during flare-ups without mere speculation." [27] 7. This argument is based on several statements in Dr. Pillay's report to the effect that his examination was "neither medically consistent or inconsistent with [plaintiff's] statements describing functional loss with repetitive use over time," and that Pillay was "unable to say w/o mere speculation" whether "pain, weakness, fatigability or incoordination significantly limit [plaintiff's] functional ability with repeated use over time." *E.g.*, [11-1] 454-55, 463-64. This argument provides no basis for upholding the ALJ's decision. Most importantly, the ALJ did not herself discount or reject Dr. Pillay's opinions on the ground that they were equivocal: the ALJ did not consider Dr. Pillay's opinions at all. Rather, the supposedly equivocal nature of the opinions is only a post-hoc justification for the ALJ's decision offered by the Commissioner, and the Court may not consider it. *See, e.g., Eddins v. Colvin*, No. 15 C 8372, 2016 WL 6803102, at *7 (N.D. Ill. Nov. 16, 2016) ("the Commissioner cannot now rely on a rationale that the ALJ did not rely upon in his opinion"); *see also Lothridge v. Saul*, 984 F.3d 1227, 1234-35 (7th Cir. 2021) ("The Commissioner proposes that the ALJ implicitly rejected that evidence by imposing no limitations beyond restricting Lothridge to simple tasks and decisions. But this attempt to supply a post-hoc

rationale for the ALJ's decisive findings runs contrary to the *Chenery* doctrine."). It is therefore for the ALJ to consider and weigh Dr. Pillay's opinions in the first instance, and the Court will not assume that the ALJ would interpret those opinions in the same fashion as the Acting Commissioner. *See Ronald P. v. Kijakazi*, No. 20 CV 339, 2022 WL 832674, at *7 (N.D. Ill. Mar. 21, 2022) ("At bottom, the Court cannot 'reweigh' evidence that was not weighed by the ALJ in the first instance.") (some internal quotation marks omitted).

Finally, the Court cannot say that the failure to consider Dr. Pillay's opinion was harmless error. "[T]he harmless error standard applies to judicial review of administrative decisions," and a court "will not remand a case to the ALJ for further specification where [the court is] convinced that the ALJ will reach the same result." *Butler v. Kijakazi*, 4 F.4th 498, 504 (7th Cir. 2021) (internal quotation marks omitted). "In assessing whether an error is harmless, [a court] examine[s] the record to determine whether [it] can predict with great confidence what the result of remand will be." *Id.* Given the glaring contradiction between Dr. Pillay's opinion and the ALJ's step four ruling, the Court is unable to predict with great confidence that the ALJ would again find that plaintiff could work as a truck driver after considering Dr. Pillay's opinions.

## Conclusion

Plaintiff's motion for summary judgment [16] is granted, and the Acting Commissioner's motion for summary judgment [26] is denied. The decision of the SSA is reversed, and, in accordance with the fourth sentence of 42 U.S.C. § 405(g), this case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: September 12, 2022**